IRWIN *et al vs.* McKNIGHT.

CLAIM FROM ROCKDALE. Practice in Supreme Court. Practice in Superior Court. New Trial. Debtor and Creditor. Fraud. Interest and Usury. Deeds. Title. Payment. Claim. (Before Judge Stewart.)

Hall, J.—1. The practice of stating grounds of a motion for a new trial incorrectly, and of correcting them by a note appended to the end of the motion, condemned.

2. Where the principal issue was whether a conveyance of land by a defendant in *fi. fa.* to a claimant was a *bona fide* transaction to secure the latter against liabilities he had incurred for the former, or whether it was made to to hinder, delay or defraud creditors, and whether a continuation of defendant's possession after the conveyance to the claimant, between whom and himself the relation of son-in-law and father-in-law existed, if the jury found in favor of the claimant,. and the presiding judge refused to grant a new trial on the ground that the verdict was contrary to the evidence, this court will not interfere, unless his discretion in so doing was abused. Such was not the case here. 73 Ga., 498 (in press.)

Where a debtor made a deed to another to indemnify such other person as a surety of the debtor on account of liabilities which the former had assumed for him, and afterwards, when such surety paid the debts of his principal he took the land in satisfaction, the deed to him became absolute; it ceased to be a security and became an indefeasible conveyance in satisfaction of the security's demand; and to such a contract the plea of usury at the instance of a creditor of the defendant or of the defendant himself could not be set up. .

4. Where, in a claim case, in order to obtain the opening and conclusion of the argument, claimant's counsel announced that they would admit possession in the defendant at the time the levy was made, and would assume the burden of showing title in the claimant, which was permitted by the court, but after the close of the testimony on both sides, the court held the plaintiff entitled to the opening and conclu-

sion, it was not error to permit claimant's counsel to withdraw his admission. If the object of the admission was defeated, he should have been allowed to withdraw it.

Judgment affirmed.

F. A. Irwin; J. N. Glenn; J. R. Irwin, for plaintiffs in error.

George W. Gleaton; A. C. McCalla, for defendant.